UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Case Number 11-20449
v.                                Honorable Thomas L. Ludington

ALONZO POUGHT,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO ADJOURN AS MOOT, DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL, DENYING DEFENDANT'S OBJECTION TO THE MAGISTRATE'S FINDING OF PROBABLE CAUSE AND MOTION TO SUPPRESS, AND DENYING DEFENDANT'S OBJECTION TO THE INDICTMENT**

Defendant Alanzo Pought was indicted on July 28, 2011, for one count of possession with intent to distribute cocaine and one count of felon in possession of a firearm. ECF No. 3. A federal public defender was appointed to represent Pought on August 1, 2011. ECF No. 6.

On January 25, 2012, Pought filed a pro se motion to adjourn, which also requested additional discovery from the government and from his appointed counsel. ECF No. 22. Pought later filed a pro se motion for appointment of new counsel on February 22, 2012. ECF No. 26. For the reasons stated on the record at the February 22, 2012 hearing, Pought's motions are denied.

On March 9, 2012, Pought filed a pro se "objection to the magistrate's finding of probable cause" for a search warrant executed in October 2010. In effect, Pought is seeking to suppress any evidence obtained as a result of the search warrant that he contends was not supported by probable cause. On March 15, 2012, Pought filed a pro se objection to the indictment contending that statements made by Special Agent D. McGovern at the grand jury proceedings to support the indictment are false.

It is well-established that a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *See Faretta v. California*, 422 U.S. 806 (1975). The Sixth Circuit has held that

> [t]he right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) (citations omitted), *cert. denied*, 400 U.S. 958, 91 S. Ct. 357, 27 L.Ed.2d 267 (1970). Here, Pought seeks to participate in his own defense along with counsel in "hybrid" representation. Although there is no constitutional right to "hybrid" representation, a court may, in its discretion, allow a defendant to proceed in such a fashion. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *see also United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir.1987). While the allowance of hybrid representation might be an appropriate exercise of discretion and perhaps even advisable in a situation where the defendant is a skilled attorney and his appointed counsel is not, *see Mosely*, 810 F.2d at 98, there is no support for allowing hybrid representation in the instant case where appointed counsel has performed in a competent and professional manner.

Accordingly, it is **ORDERED** that Defendant's motion to adjourn (ECF No. 22) is **DENIED**.

It is further **ORDERED** that Defendant's motion for appointment of new counsel (ECF No. 26) is **DENIED**.

It is further **ORDERED** that Defendant's objection to the magistrate's finding of probable

cause and motion to suppress (ECF No. 27) is **DENIED**.

It is further **ORDERED** that Defendant's objection to the indictment (ECF No. 29) is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: March 22, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 22, 2012.

                             s/Tracy A. Jacobs
                             TRACY A. JACOBS